UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80289-CIV-MARRA

CARMEN E. JOHNSON,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
HEALTH/MARTIN COUNTY
HEALTH DEPARTMENT,
STATE SURGEON GENERAL, FRANK
FARMER, JR., M.D.,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant Florida Department of Health/Martin County Health Department's Defendant's Motion to Dismiss (DE 9). Plaintiff responded. (DE 12). Defendant Florida Department of Health/Martin County Health Department replied. (DE 13). The Court has considered the briefs of the parties and is otherwise advised in the premises.

**I. Introduction[1]**

On January 8, 2010, Plaintiff Carmen E. Johnson filed a charge of discrimination with the Florida Commission on Human Relations claiming discrimination based on religion, sex, and retaliation (DE 9, Attach. 2). The charge was simultaneously filed with the Equal Employment Opportunity Commission under a worksharing agreement between the two organizations. The EEOC closed its file on the charge on June 6, 2011, because it could not conclude "that the information obtained establishes violations of the [relevant] statutes." (DE 9, Attach 3). A second, identical

---

[1] The Court accepts all of Plaintiff's allegations as true in determining whether she has stated a claim for which relief could be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

dismissal was filed by the EEOC on July 6, 2011. (DE 9, Attach. 4).[2] Both notices gave Plaintiff 90 days to file her lawsuit.

On September 6, 2011, Plaintiff timely filed her first complaint against the Florida Commission and the State Surgeon General Frank Farmer, Jr., M.D. in a separate case in the Fort Pierce division of this Court. (Case No. 2:11-cv-14321-JEM, DE 1). Plaintiff claimed violations of the Age Discrimination and Employment Act and Title VII of the Civil Rights Act of 1964. Without properly effecting service on either defendant, Plaintiff moved for a default judgment. (Case No. 2:11-cv-14321-JEM, DE 6). The court denied Plaintiff's motion and instructed that it would dismiss her complaint without prejudice if she failed to file returns of service by January 30, 2012. (Case No. 2:11-cv-14321-JEM, DE 7). Plaintiff failed to file returns of service by January 30, 2012, or request additional time to do so, and the court dismissed her complaint without prejudice. (Case No. 2:11-cv-14321-JEM, DE 8).

Plaintiff filed her second complaint (DE 1)—the subject of Defendant's Motion to Dismiss (DE 9)—on March 14, 2012, more than 90 days after the EEOC issued her July 6, 2011, dismissal and notice of rights. Defendant moves to dismiss Plaintiff's second complaint on the ground that it was untimely. Plaintiff's sole response is that "[a]llowing the complaint to be dismissed . . . is a particularly harsh and inequitable result as the merits of her claims may never be reached."[3]

---

[2] The Court takes judicial notice of the EEOC documents although Plaintiff did not attach them to her second complaint. The Court may do so because they were identified in the second complaint (DE 1 ¶ 11), because they were attached as exhibits to the initial complaint (Case No. 2:11-cv-14321-JEM, DE 1, Attachs. 3–4), and because EEOC actions are matters of public record. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1275–81 (11th Cir. 1999); *Segura v. Hunter Douglas Fabrication Co.*, 184 F. Supp. 2d 1227, 1229 n.2 (M.D. Fla. 2002); *Hodge v. Miami Herald Co.*, No. 08-20633-CIV, 2008 WL 4180012, at *2–*3 (S.D. Fla. Sept. 10, 2008). However, the Court need not address the significance of the EEOC's ostensibly gratuitous second dismissal because the date of that notice has no bearing on the outcome of this case.

[3] Plaintiff's Response to Defendant's Motion to Dismiss (DE 12) spans four pages consisting of eight 1-2 sentence paragraphs. Of those eight paragraphs, three raise what the Court liberally construes as legal arguments:

> 6. Plaintiff's lawsuit and claims against Defendant should not be dismissed. Notwithstanding the holding in *Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), no harm would come to the Defendant if this lawsuit were allowed to go forward.

Notwithstanding the alleged inequity of a dismissal in this case, the Court concludes that Plaintiff's untimely filing of her complaint warrants dismissal.

## **II. Legal Standard[4]**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Thus, a defendant may

---

7. Plaintiff filed her original complaint within 90 days of receiving her right to sue from the Equal Employment Opportunity Commission (EEOC), and while the original complaint was dismissed it was done so without prejudice and Plaintiff should be allowed to go forward based upon the subsequent filing on March 14, 2012.

8. Allowing the complaint to be dismissed based upon *Kulick* is a particularly harsh and inequitable result as the merits of her claim may never be reached.

[4] While Defendant's motion does not refer to Federal Rule of Civil Procedure 12(b)(6) as its vehicle, the Court nevertheless interprets it as a motion to dismiss under Rule 12(b)(6).

raise a limitations defense on a 12(b)(6) motion where "the complaint shows on its face that the limitations period has run." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

### III. Discussion

The filing of a complaint does not toll a statute of limitations when that complaint is subsequently dismissed without prejudice because the dismissal "has the effect of placing the parties in a position as if the suit had never been filed." *Dade County v. Rohr Indust., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987); *see also Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) ("A statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed."); *Abram-Adams v. Citigroup, Inc.*, No. 11-13687, 2012 WL 4901166, at *2 (11th Cir. Oct. 16, 2012) ( plaintiff's complaint was time-barred where her initial complaint was treated as if it "had never been filed" after the district court dismissed the initial complaint without prejudice) (citing *Rohr Indus., Inc.*, 826 F.2d at 989). Here, Plaintiff had 90 days from her receipt of the EEOC's notice to file her complaint. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff's first complaint was filed within that 90-day window, but that complaint was subsequently dismissed without prejudice and is therefore "treated as if it never existed." *Brennan*, 407 F.3d at 606. In the present complaint, Plaintiff specifically alleges that the EEOC notices of a right to sue were issued in June and July of 2011. (DE 1, ¶ 11). Thus, based on a review of the face of Plaintiff's second complaint—which and which was filed on March 14, 2012, more than 90 days after her receipt of either of the EEOC notices—Plaintiff's complaint was untimely as a matter of law.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED.** The above-styled cause is **DISMISSED WITH PREJUDICE** as to Defendant Florida Department of Health/Martin County Health Department and Defendant State Surgeon General Frank Farmer, Jr., M.D. The Clerk shall **CLOSE** this case. All pending motions

are **DENIED AS MOOT.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge